IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BTG INTERNATIONAL INC., | § | |
| | § | |
| Plaintiff, Counterclaim | § | No. 509, 2017 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Court of Chancery |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. 12562-VCL |
| WELLSTAT THERAPEUTICS | § | |
| CORPORATION, | § | |
| | § | |
| Defendant, Counterclaim | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 6, 2018
Decided: June 11, 2018

Before **STRINE**, Chief Justice; **VALIHURA**, **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices, constituting the Court *en Banc*.

**O R D E R**

In this appeal, the appellant argues that the Court of Chancery abused its discretion and made errors of law in shaping its remedy in this breach of contract case between two parties who had a joint venture to market a new drug. As to all issues that were fairly raised below, we conclude, with one exception, that the Court of Chancery's rulings were supported by the factual record, within its remedial discretion, and consistent with the applicable legal principles. The only argument of the appellant that has merit involves a comparatively small issue, given the large number of issues that the Vice Chancellor was required to address in his thoughtful

and thorough post-trial decision. That issue involves when pre-judgment interest was to begin. The appellee argued for March 2, 2016 as the starting point because that was the date when the breach of contract began to impose injury on it.[1] Instead of hewing to that date, the Court of Chancery imposed pre-judgment interest from the time of breach,[2] even though the appellee itself had argued for a later date and did not present evidence that it suffered damages until March 2, 2016, when the effects of the breach would have first manifested themselves. Given that the appellee did not argue for this date, and given the applicable legal principles, we reverse in this minor respect and remand to have the final judgment run pre-judgment interest from March 2, 2016, rather than September 15, 2015. In all other respects, we affirm the Court of Chancery's final judgment and order of November 2, 2017 on the basis of its well-reasoned opinion of September 19, 2017.[3]

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[1] App. to Opening Br. at A1787 (Wellstat Therapeutics' (Corrected) Opening Post-Trial Brief) (noting that its damages expert calculated NPV-discounted damages as of the date of breach: March 2, 2016).

[2] *BTG Int'l Inc. v. Wellstat Therapeutics Corp.*, C.A. No. 12562-VCL, 2017 WL 4151172, at *21 (Del. Ch. Sept. 19, 2017) ("Interest shall run from September 15, 2015, when BTG first breached the Distribution Agreement by failing to provide the Commercial Plan.").

[3] *Id.*; *BTG Int'l Inc. v. Wellstat Therapeutics Corp.*, C.A. No. 12562-VCL, 2017 WL 5046358 (Del. Ch. Nov. 2, 2017) (ORDER).